

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

July 28, 1967

Senator Jack Hightower, Chairman     Opinion No. M- 112
Contingent Expense Committee
The Senate of the State of Texas     Re:   Interim expenses of mem-
Austin, Texas                                bers of the Senate, 60th
                                                       Legislature.

Dear Senator Hightower:

       Your request for an opinion reads as follows:

       "S. R. 773 adopted by the Senate at the close of the 60th Legislature authorizes the Senate Contingent Expense Committee to pay for 'salaries, stamps, telephone service, office rent, office equipment and supplies, actual expenses of members for travel incurred while transacting Senate business, and other reasonable and necessary expense for the use of the members of the Senate during any period the Legislature is not in session.'

       "As Chairman of the Contingent Expense Committee of the Senate I have received several vouchers for approval under the provisions of this resolution. Attached hereto are the following: a voucher from Senator Charles Wilson asking for personal car mileage and a meal; a voucher from Senator Joe Christie seeking approval and payment of rental costs for certain office equipment; and a voucher from Senator Christie asking for approval and payment of office rental and parking space rental.

       "Before indicating the approval or disapproval of the Contingent Expense Committee of these vouchers I respectfully request your opinion as to the constitutional validity of

-516-

S. R. 773 and whether or not such vouchers
may be properly approved for payment by the
Comptroller."

The vouchers referred to in your request are the follow-
ing:

1. Traveling expenses wherein the purpose of the travel
is stated as follows:

"Diboll to Saratoga, Texas, and return to
confer with citizens of Hardin County concerning
legislation enacted by the 60th Legislature.
Joined with Justice Douglas and Senator Ralph
Yarbrough in appearing before the Big Thicket
Association to discuss needed legislation and
formulate plans for a joint Federal-State pro-
ject in the creation of the Big Thicket National
Park."

2. Rental of IBM Model 211 Dictator
   Rental of IBM Model 213 Transcriber

3. Office rental and rental of parking space.

Your request for an opinion is answered by the authori-
ties contained in Attorney General's Opinions M-101 (1967) and
M-104 (1967) which concern interim expenses of members of the
House of Representatives. In Terrell vs. King, 118 Tex. 237, 14
S.W.2d 786 (1929), it was held that a Resolution was an appropriate
and constitutional method to direct the expenditure of a portion of
appropriation for the expenses of members of the Legislature between
sessions. In that case, the Court upheld a portion of the Resolu-
tion whereby members of an interim committee would receive certain
expenses incurred in the conduct of the committee's duties. The
Court stated:

"It is manifest that certain expenditures
must be made by the state, in the way of legisla-
tive expenses, or the grant of legislative power
could never be effectually exercised. No one
would question legislative disbursements for com-
fortable assembly halls and committee rooms, or
for clerks, stationery, etc. Within the same cate-
gory of legitimate expenses of the Legislature or
of either house comes reimbursement to members for
actual expenses reasonably incurred in order to
perform duties devolving on duly authorized com-
mittees of the Legislature, or of either house,

when such committee members are called to other
points than the capital, or when called to the
capital otherwise than during the sessions of the
Legislature." 14 S.W.2d 792.

In view of the decision in Terrell vs. King, supra, and
the fact that Section 24 of Article III of the Constitution of
Texas was amended so as to provide in addition to per diem and
traveling expenses an annual salary for members of the Legislature,
it was held in Attorney General's Opinions M-101 and M-104:

"It is noted that the foregoing constitutional
amendment now provides in addition to per diem and
traveling expenses an annual salary for members of
the Legislature, thus recognizing that official duties
of members of the Legislature are performed through-
out the year and are not limited to duties performed
while the Legislature is in session. Therefore, in
determining what expenses are allowed to be paid out
of the Contingent Expenses Appropriation for members
of the House of Representatives, it is necessary to
examine the provisions of House Simple Resolution No.
448 of the Regular Session of the 60th Legislature.
. . ."

In Attorney General's Opinion M-101, it was held that
House Simple Resolution No. 448 authorizes the payment of funds
for rental of electric typewriters and transcribing equipment.
It was held in Attorney General's Opinion M-104 that House Simple
Resolution No. 448 authorizes the payment of telephone tolls and
telephone service incurred by the members of the House of Repres-
entatives in connection with their official duties.

In view of the foregoing, it is necessary to examine the
provisions of Senate Resolution 773 to determine what expenses
are allowed to be paid members of the Senate. The provisions of
Senate Resolution 773 applicable to your request read as follows:

"Resolved, That in furtherance of the Legis-
lative duties and responsibilities of the Senate
the Contingent Expense Committee is hereby authorized
and directed to pay for salaries, stamps, telephone
service, office rent, office equipment and supplies,
actual expenses of members for travel incurred while
transacting Senate business, and other reasonable and
necessary expenses for the use of the members of the
Senate during any period the Legislature is not in
session. Expenditures for these services hereby

authorized as an expense of the Senate shall not be restricted to Austin, but may be incurred and reimbursed with Contingent funds of the Senate to the individual Senatorial Districts. Such expenses shall be paid from S. B. No. 15, S. B. No. 628 and H. B. No. 1, all enacted by the Regular Session of the Sixtieth Legislature, and H. B. No. 12 enacted by the Fifty-ninth Regular Session, or any other funds appropriated for the use of the Senate on vouchers approved by the Chairman of the Contingent Expense Committee and the Lieutenant Governor in accordance with regulations governing such expenditures; and be it further

"Resolved, That payment for expenses for supplies and equipment, telephone, salaries, stamps, office rent or any other reasonable and necessary expenses including actual expenses of members for travel incurred while transacting Senate business for any member of the Senate during any calendar month should not be in excess of $1,000. In no instance, however, shall the interim expense exceed the monthly amount times the number of months or parts thereof comprising the interim. The Sergeant-at-Arms and the Secretary of the Senate are instructed not to prepare for payment any expenses in excess of such amount." (Emphasis added)

In view of the foregoing provisions, you are advised that Senate Resolution 773 is constitutional and valid and the vouchers attached to your request may be properly approved for payment by the Comptroller upon the approval of the Contingent Expense Committee.

### S U M M A R Y

Senate Resolution 773 is an appropriate and constitutional method of directing expenditure of a portion of an appropriation for financing expenses incurred by members of the Senate in the conduct of their official business while the Legislature is not in session.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

-519-

Prepared by John Reeves
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Hawthorne Phillips, Chairman
Kerns Taylor, Co-Chairman
Pat Bailey
John Duran
Mario Obledo
Ben Harrison

A. J. CARUBBI, JR.
Staff Legal Assistant